UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN LOPEZ-SANCHEZ, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Civil No. 09-cv-1768-JAH <br> Crim. No. 04-cr-2051-JAH <br><br> **ORDER DENYING MOTION TO** <br> **VACATE UNDER 28 U.S.C. § 2255** |

On September 17, 2004, this Court sentenced Petitioner to a total of thirty months imprisonment, with one year of supervised release to follow, after Petitioner pled guilty to two counts of violating 8 U.S.C. § 1325. On April 4, 2008, the Honorable Barry Ted Moskowitz, United States District Judge, sentenced Petitioner to a total of forty-eight months imprisonment, with one year of supervised release to follow, after Petitioner pled guilty to two counts of violating 8 U.S.C. § 1325. On April 21, 2008, this Court sentenced Petitioner to an additional six months imprisonment after Petitioner admitted to violating the conditions of the supervised release imposed by this Court's September 17, 2004 sentence. This Court ordered the additional six months to be served consecutively to Judge Moskowitz' April 4, 2008 sentence. Thus, to date, Petitioner has satisfied the sentences of imprisonment imposed by this Court and by Judge Moskowitz. Indeed, the Federal Bureau of Prisons website confirms Petitioner was released from custody on September 8, 2011, a fact of which this Court takes

judicial notice pursuant to the Federal Rules of Evidence, Rule 201.

On August 12, 2009, Petitioner, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 23.) Defendant asserts that his ineligibility for minimum security confinement, drug rehabilitation programs, and pre-release custody due to his alienage means he effectively received a longer and harsher term of incarceration. On February 17, 2011, Respondent filed an opposition, in which Respondent construes Petitioner's motion as a collateral attack on the sentence imposed by Judge Moskowitz. (Dkt. No. 31.) And while Petitioner was permitted to file a reply on or before March 18, 2011, Petitioner has, to date, not filed a reply.

A motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence becomes moot when a prisoner is released from custody before the sentencing court considers the merits of the motion and there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. Lane v. Williams, 455 U.S. 624, 632 (1982).

Here, Petitioner does not challenge his conviction or raise any collateral legal consequences that will be imposed on the basis of his conviction. Instead, Petitioner challenges the length and harshness of his sentence. Because Petitioner has been released from custody, this Court finds Petitioner's § 2255 motion is moot. Accordingly, **IT IS HEREBY ORDERED** that Petitioner's § 2255 motion is **DENIED AS MOOT**.

Dated: April 11, 2012

JOHN A. HOUSTON
United States District Judge